IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSENDERLO KERLEY, INC., <br>     Plaintiff, <br>   v. <br> D & M CHEM, INC., <br>     Defendant. | No. C 11-03955 CRB <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND MOTION TO STAY** |

    Now pending is Plaintiff Tessenderlo Kerley, Inc.'s Motion for Leave to File a Motion for Reconsideration and Motion to Stay. See Mot. (dkt. 45). The Motion, brought under Civil Local Rule 7-9(b)(3), seeks reconsideration of the Court's November 7, 2011 Order granting Defendant D&M Chem, Inc.'s Motion to Transfer the case to the Eastern District of Washington. See Order (dkt. 42). Local Rule 7-9(b)(3) permits a party to move for reconsideration where there has been "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court."

    Plaintiff argues first that the Court erred by giving "no weight to [Plaintiff's] choice of forum." Mot. at 2. This is incorrect; the Court noted that a plaintiff's choice of forum is usually entitled to deference, gave two reasons why that usual deference was diminished in this case, and concluded that "this factor weighs only minimally against transfer," thus giving Plaintiff's choice some, though not great, weight. See Order at 3.

Plaintiff argues next that the Court's conclusion that the bulk of the evidence is located in Washington is not supported by the facts. Mot. at 6. The Court simply disagrees. As explained in the Order, "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." Order at 4-5 (citing In re Genentech, Inc., 566 F.3d 1338, 1346 (Fed. Cir. 2009)). True, the Court accepted Defendant D&M's representations that "[a]ll of D&M's research and development efforts relating to the Eclipse product, including all of its field tests, were accomplished within Washington State," and that "D&M's research documentation, books and records relating to its development, marketing and sales of the Eclipse product all are located in the Eastern District of Washington, as are all the present and former D&M employees and personnel who were involved in or otherwise have knowledge of the development, marketing and sales of the Eclipse product," id. at 5, but those representation were based on a declaration by the President of D&M, see Gargus Decl. (dkt. 16) ¶ 5, who is well positioned to know such things. Indeed, in the Court's view, the evidence just described, all located in Washington, outweighs the evidence of Plaintiff's operations in California, from non-party witnesses "in California and elsewhere throughout the United States," and from "end users" in California, which Plaintiff represents that it will "probabl[y]" seek. See Mot. at 7.

Plaintiff further complains that the Court impermissibly shifted the inconvenience from Defendant to Plaintiff. Mot. at 8. Again, the Court disagrees. The Court twice noted this principle, see Order at 2, 4, and does not find that its Order transgresses it, particularly as both the public and private factors favor transfer.

Finally, Plaintiff objects to the Court's October 24, 2011 decision, see dkt. 36, not to relate this case to another case in this district, Case No. CV 11-04100 PSG. Even if that decision were properly the subject of Plaintiff's Motion for Reconsideration, the Court does

2

not believe that the two cases are related. The actions – which involve different defendants[1] and different products – do not "concern substantially the same parties, property, transaction or event," and do not pose the risk of "unduly burdensome duplication of labor and expense or conflicting results." See Civil Local Rule 3-12(a).

The Court concludes that it did not manifestly fail to consider material facts or dispositive legal arguments, see Civil Local Rule 7-9(b)(3), but that Plaintiff simply disagrees with the Court's conclusions as to those facts and arguments. The Motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: November 17, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's suggestion that the two defendants might have "had a relationship," see Mot. at 10, is not evidence, nor is it evidence that was presented to the Court in connection with the Motion to Transfer.